UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Edmundo Reyes-Tineo, M.D.**, Plaintiff, v. **UNITED STATES DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; UNITED STATES SOCIAL SECURITY ADMINISTRATION; Frank J. Bisignano, in his official capacity as Commissioner of Social Security, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, Robert F. Kennedy Jr., in his official capacity as HHS Secretary** Defendants. | CIVIL NO. 3:25-cv-1487<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, CONSTITUTIONAL VIOLATIONS, AND ADMINISTRATIVE PROCEDURE ACT REVIEW<br><br>[*Jury Trial Demand*] |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, **Edmundo Reyes-Tineo, M.D.**, a licensed pediatrician brings this civil action challenging the unlawful and unconstitutional garnishment of his Social Security retirement benefits by the U.S. Department of the Treasury through the **Treasury Offset Program (TOP)**. The plaintiff respectfully asserts defendants the U.S. Department of the Treasury, the United States, and related federal agencies have unlawfully garnished and seized his Social Security benefits and bank accounts.

2. Defendants' actions violated Plaintiff's **Fifth Amendment right to due process**, have exceeded statutory authority under **31 U.S.C. § 3716**, and contravened protections of **42 U.S.C. § 407(a)**, which prohibits the attachment of

1

Social Security benefits. These garnishments violate the protections afforded under federal statutes, including 42 U.S.C. § 407, 31 C.F.R. Part 212, the Due Process Clause of the Fifth Amendment, and other federal laws.

3. Under the advice of the federal agency and defendant's employee, the plaintiff was told to "**disregard**" agency collection notifications, while they were *investigating*. However, the Plaintiff was never given proper **notice** before 15% of his monthly retirement benefits were unilaterally garnished to satisfy an alleged federal debt purportedly stemming from his alleged identify theft.

4. Plaintiff seeks **injunctive and declaratory relief**, and other applicable laws, including the return of unlawfully garnished funds, and a permanent order prohibiting further illegal offsets or garnishments.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question), **5 U.S.C. § 702** (APA), and **28 U.S.C. § 1361** (mandamus). This Court also has jurisdiction under 1346(a)(2) (claims against the United States), and 1361 (mandamus relief).

6. To the extent that any portion of this case implicates Social Security Act review, Plaintiff invokes **42 U.S.C. § 405(g)** and asserts that exhaustion of administrative remedies should be **waived** as futile, inadequate, and unnecessary for Plaintiff's **purely constitutional and collateral claims** under *Mathews v. Eldridge*, 424 U.S. 319 (1976).

2

7. Venue is proper in this district under **28 U.S.C. § 1391(e)**, as Plaintiff resides in this district and a substantial part of the events, acts or omissions giving rise to the claim occurred here.

### III. PARTIES

8. Plaintiff **Edmundo Reyes-Tineo, M.D.**, is a U.S. citizen and resident of the Commonwealth of Puerto Rico, who receives Social Security benefits and holds a bank account subject to federal garnishment. Plaintiff is a licensed physician specializing in pediatrics, and he is a Social Security retirement benefits recipient.

9. Defendant **United States Department of the Treasury** is a federal agency responsible for administering the Treasury Offset Program (TOP) and for collecting certain debts on behalf of the federal government. Defendant is an agency of the United States government responsible for administering the Offset Program. Defendant **Scott Bessent** is sued in official capacity as **Secretary of the Treasury**.

10. Defendant **United States Social Security Administration (SSA)** is the federal agency responsible for administering Social Security benefits. Codefendant **Frank J. Bisignano** sued in official capacity as **Commissioner of Social Security**.

11. Defendant **United States Department of Health and Human Services (HHS)** is the federal agency responsible for the wrongful collection of money belonging to the plaintiff. Codefendant **Robert F. Kennedy Jr.** is sued in official capacity as **HHS Secretary**.

12. Defendant **Internal Revenue Service (IRS)** is a bureau of the U.S. Department of the Treasury and may be responsible for seizing Plaintiff's funds.

13. Defendant **United States of America** is sued under the doctrine of sovereign immunity waiver for statutory and constitutional violations.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff is an elderly physician who receives monthly retirement benefits from the SSA. In or around February 2025, Plaintiff first noticed that **15% of his monthly benefit was to be garnished** without explanation.

14. Plaintiff received **no adequate written notice**, and **no opportunity to dispute** the existence, validity, or amount of alleged debt before garnishment began.

15. Plaintiff later learned, through independent inquiry, that garnishment was being applied by the Department of the Treasury under the **Treasury Offset Program**. The plaintiff was deceived and coerced by defendants' federal employees, when he was instructed to "disregard" agency collection notices, under *investigation*.

16. Plaintiff has **no administrative remedy** available through SSA to contest garnishment, as the decision was not initiated by SSA but by the Department of the Treasury.

17. Plaintiff receives monthly Social Security benefits from the Social Security Administration, directly deposited into his personal bank account.

18. On or about March 2025, Plaintiff discovered that funds were seized from this bank account and/or withheld from Social Security payments.

4

19. Plaintiff did not receive prior adequate notice of this garnishment or a meaningful opportunity to contest the debt or the garnishment action.

20. The garnished funds include protected federal benefits, in violation of 42 U.S.C. § 407 and 31 C.F.R. Part 212.

21. Plaintiff requested a review in writing from the relevant agency and either received no response or at all times, was misinformed by agency employees.

22. Plaintiff is elderly and/or indigent and depends solely on these funds for basic living expenses, including food, housing, and medicine.

23. On August 10, 2023, plaintiff Edmundo Reyes was notified by **Alexei Sarramía**, a *US Department of Health and Human Services federal agen*t, during a meeting in Fajardo with several physicians, that there had been several other doctors who had been a victim of identity theft/fraud.



24. On February 2, 2024, plaintiff received a letter from the HRSA Health Resources and Services Administration notifying him of an alleged debt, requesting payment, and indicating that collection action was to take place. They gave him only 60 days to make payment. Plaintiff called federal agent ***José Luis Soto***, who simply told plaintiff to ignore the letter.

25. During 2024, the plaintiff began to receive collection calls requesting payment for a loan, the one apparently plaintiff had been a victim of fraud. Plaintiff immediately contacted agent ***José Luis Soto***, who told him, once again, to simply ignore those calls. Plaintiff's wife also called the agent, who told her the same thing.

26. On August 8, 2024, the plaintiff received a letter from Centralized Receivable Service, he contacted federal agent ***José Luis Soto***, and he told plaintiff not to pay attention to the collection letters, that the issue was under investigation and that he should not talk to anyone about the case. Shortly after, September 30, 2024, the plaintiff again received another letter from Centralized Receivable Service.

27. On December 3, 2024, plaintiff wrote to the U.S. Department of Health and Human Services in Springfield, IL regarding the letter he received from the Centralized Receivable Service, on August 8, 2024, and he requested a copy of the loan application, approval document, and copy of the check (endorsement) or account into which the federal loan payment was supposedly deposited.

28. On December 5, 2024, plaintiff went to the U.S. Department of Health & Human Services office in Puerto Rico, to verify the legitimacy of said department in Puerto Rico and to seek help regarding the collection letters he received (already from CRS Collection and the Department of Treasury). The plaintiff was attended to by the investigating agent ***Gilbero J. Alvarado***, who told plaintiff that he already knew about the case and that plaintiff should be assured that no one from the agency

would attempt to garnish his Social Security payment, because they were working on the case. Still worried about the situation, on December 5, 2025, plaintiff filed an Affidavit with Internal Revenue Service office in Guaynabo, about Identity Theft.



29. On January 14, 2025, the plaintiff receive correspondence from the Internal Revenue Service telling him that they had received his Identity Theft Affidavit and are working on it. Agency requested 60 days to investigate.

30. On January 19, 2025, the plaintiff wrote a letter to the U.S. Department of Health and Human Services, Health Resources & Services Administration, HRSA CARES Provider Relief Fund in Springfield, IL recounting the events since he had been notified by the agent of his identity theft. On said correspondence, the plaintiff again asked for a copy of the loan application, letter of approval of the benefit, means by which the benefit was requested and a copy of the check with the endorsement or account that supposedly received the payment of those benefits.

31. On February 12, 2025, the plaintiff received a letter from the U.S. Department of Treasury, Bureau of the Fiscal Service notifying him that agency was referring the alleged debt for collections. Shortly after, on February 20, 2025, plaintiff wrote another letter to HHS: Cares Act Provider Relief Program, Bureau of

7

the Fiscal Service, in response to the letter he received on January 14, 2025, from the U.S. Department of Treasury.

32. On February 21, 2025, the plaintiff wrote again to the U.S. Department of the Treasury responding to the letter he received on February 12, 2025, notifying him that in March 2025, the agency would be withholding 15% of his monthly Social Security benefit payment. In said communication, the plaintiff was told to contact HHS: Cares Act Provider Relief Program and he included a copy of that letter.

33. On February 26, 2025, plaintiff's wife contacted Investigator General Gilberto J. Alvarado, to whom the correspondence plaintiff had received, has been sent as requested, and after meeting with agent José Luis Soto, they tell plaintiff to make a "complaint" only thru a federal government website, this was the first time he had received instructions to make a complaint with the agency. He filed the complaint online with the federal agency.

34. Shortly after, on March 12, 2025, the plaintiff received a letter from the U.S. Department of Treasury, Bureau of the Fiscal Service stating that they applied $546.75 withheld from his monthly social security benefit payment to the HHS: Cares Act Provider Relief Programs, Bureau of The Fiscal Service debt indicating that if he did not agree with the withholding, he should contact the agency with regards to the withholding. Soon after, on March 18, 2025, the plaintiff received a letter from the Department of Treasury referencing the Identity Theft Affidavit filed on December 5, 2024, requesting an additional 60 days for them to respond.

35. Up to that point, the plaintiff had been erroneous instructed by several federal agency employees, and was disinformed, with respect to what action to take.

## V. CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF 42 U.S.C. § 407
### (Protection of Social Security Benefits)

36. Plaintiff realleges paragraphs 1 through 35.

37. Section 407(a) of the Social Security Act provides that benefits shall not be subject to execution, levy, attachment, garnishment, or other legal process, **except as otherwise provided by federal law**.

38. Treasury's actions here are not authorized by any valid exception, particularly where due process was denied, and the statutory requirements of 31 U.S.C. § 3716 were not satisfied.

39. 42 U.S.C. § 407 prohibits the garnishment, attachment, or legal process of Social Security benefits except where explicitly authorized by law.

40. The garnishment was not for child support, alimony, or federal taxes properly noticed under the law, and is therefore unlawful.

### COUNT II – VIOLATION OF 31 C.F.R. PART 212
### (Bank Garnishment Regulation)

41. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein

42. Plaintiff's bank account contains one month's worth of electronically deposited federal benefits that were subject to garnishment, in violation of federal banking protections.

43. Defendant(s) failed to follow federal garnishment review procedures, and the bank may have acted unlawfully in freezing or releasing the funds.

### COUNT III – VIOLATION OF THE DUE PROCESS CLAUSE (FIFTH AMENDMENT)

44. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

45. The garnishment of Plaintiff's Social Security benefits **without prior notice or an opportunity to be heard** constitutes a deprivation of property without due process of law in violation of the **Fifth Amendment** to the U.S. Constitution. Defendants acted under color of federal law implementing and enforcing garnishment.

46. Plaintiff was deprived of property without due process of law, including lack of notice, hearing, and opportunity to challenge the debt. These actions amount to a constitutional violation requiring injunctive relief and damages.

47. Plaintiff physician asserts a constitutional claim (due process violation) for garnishment without notice or hearing, which warrants a waiver of exhaustion.

### COUNT IV – *ULTRA VIRES* AGENCY ACTION UNDER APA / EXCEEDING STATUTORY AUTHORITY (5 U.S.C. § 706)

48. Plaintiff realleges paragraphs 1 through 47.

49. The Department of the Treasury exceeded its statutory authority by:

- Failing to provide a valid and timely **notice and hearing procedure**. The *agency also failed to take corrective action* with respect to his inquiries. Placing an undue burden on the plaintiff, while agency failed to

promptly respond to correct the agency's mistakes. The agency employee deliberately misinstructed plaintiff to disregards collection notices.

50. Under **5 U.S.C. § 706(2)**, this Court may set aside unlawful or unconstitutional agency actions. The administrative process cannot provide the requested relief (e.g. challenging treasury's authority, not SSA's benefit decision.)

51. Defendants acted outside their statutory authority in garnishing funds protected by federal statute and thus acted *ultra vires*. The claim is collateral to any benefit determination and judicial review proceeds without exhaustion of administrative proceedings. See *Califano v. Sanders*, 430 U.S. 99 (1977); §405(g) is the exclusive basis for review of SSA decisions. See also *Coulter v. Commissioner*, 869 F. Supp. 2d 1051 (N.D. Cal. 2012); held that garnishment claims related to offsets under TOP were not subject to SSA exhaustion.

52. Plaintiff is entitled to injunctive relief against agency actions that exceed statutory authority.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Declare** that the garnishment of Plaintiff's Social Security benefits was unlawful and unconstitutional;
2. Declare that Defendants violated federal law and Plaintiff's constitutional rights;

3. **Enjoin** Defendants from continuing to withhold any portion of Plaintiff's benefits under the Treasury Offset Program without complying with due process and applicable statutory safeguards;

4. Enjoin Defendants from any future garnishment without full statutory and constitutional compliance;

5. Issue a **temporary restraining order and preliminary injunction** halting further garnishment of Social Security benefits and/or bank account funds;

6. **Order restitution** of previously garnished amounts;

7. Order the **return of all unlawfully garnished funds**;

8. **Award reasonable costs and attorney's fees** under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; and

9. **Grant such other and further relief** as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 15th. Day of September 2025.

Respectfully submitted,

/S/ Winston Vidal-Gambaro
Winston Vidal-Gambaro
**USDC-PR 130401**
PO Box 193673
San Juan, Puerto Rico 00919-3673
Tel. (787) 751-286
Email: wvidal@prtc.net

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading will be served by U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                   /S/ Humberto Cobo-Estrella, Esq.
                                   *Attorney for the Plaintiff*